UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. BABLER, et al., | ) | CASE NO.  1:08cv912 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| MALCOLM B. FUTHEY, JR., et al., | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving Doc. 17] |
| | ) | |
| | ) | |

This matter comes before the Court on Defendants' Motion to Dismiss or, in the alternative, to Stay the Current Proceedings (Doc. 17). Plaintiffs have filed their Opposition to Defendants' Motion (Doc. 21), and Defendants have replied (Doc. 23). The Court has been advised, having considered the Complaint; the motion, opposition, and reply thereto; and applicable law. For the reasons that follow, Defendants' Motion is DENIED.

## I.    STATEMENT OF FACTS

The factual history of this action and the related action, Michael v. United Transportation Union (Case No. 5:07CV3818)[1], is involved. Set forth below are only those facts necessary for the decision of Defendants' pending Motion to Dismiss ("Motion"). Plaintiffs are members and international officers of the United Transportation Union ("UTU"), a labor organization governed by the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 411 *et seq.*, under which Plaintiffs contend the Court has jurisdiction in this action. Plaintiffs John W. Babler, Victor Baffoni, Roy G. Boling, James R. Cumby, John D. Fitzgerald, and Costantino A. Iannone are International Vice Presidents and members of the UTU's

---

[1] The companion litigation will be referred to throughout as the "Michael" case.

International Board of Directors.  Plaintiff James. M. Brunkenhoefer is the National Legislative Director of the UTU and also serves on the International Board of Directors.  Defendants are UTU International President Malcolm Futhey; the UTU Executive Board, which is responsible for hearing and deciding any internal charges brought against members of the UTU; each of the five members of the UTU Executive Board, namely James A. Huston, John J. Risch, Joseph A. Boda, Jr., Steven T. Dawson, and Kevin Goring; and three non-officer members of the UTU, namely David M. Murphy, James P. Jones, and Delbert Strunk.

During the fall of 2007, the UTU, under the leadership of then-President Paul Thompson, attempted a merger with the Sheet Metal Workers International Association ("SMWIA").  A merger agreement was drafted and submitted to the membership for a ratification vote.  The merger agreement as presented was approved by a majority of the members casting a vote.

Just after the vote was concluded, several members of the UTU challenged the merger in the Federal District Court for the Northern District of Ohio[2] on the basis that the vote was improperly conducted and members had not been given a copy of the proposed constitution governing the merged union in violation of the terms of the merger agreement.  The plaintiffs in that litigation sought injunctive relief to block the merger, which was scheduled to be consummated on January 1, 2008.  The Court granted the plaintiffs' motion for a temporary restraining order, and later granted their motion for a preliminary injunction.

In January 2008, at the same time the merger was to be consummated, the leadership of the UTU underwent a transition.  Paul Thompson was replaced by Futhey as President of the UTU, and several other newly elected officers replaced those who had held office up to the end of 2007. The Michael plaintiffs filed a motion to substitute Futhey for Thompson on January 4,

---

[2] The suit by the objecting members of the UTU was originally filed in the Northern District of Illinois but was shortly thereafter transferred to the Northern District of Ohio.

2008, which the Court granted on January 16, 2008.  While Thompson had both sought and supported the merger with the SMWIA, Futhey opposed it, and his administration chose not to defend the merger in the Michael case.  Plaintiffs in the instant matter opposed that decision and sought to intervene in support of the merger.  Their motion was ultimately granted.  They have since filed a motion to dismiss the plaintiffs' claims in the Michael case and are continuing to defend the merger.

Plaintiffs now allege that "false internal union charges" have been filed against them by UTU members led by three of the named Defendants and Defendant UTU Executive Board.  Complaint at 8.[3]  According to Plaintiffs, Roy Arnold, who is not a party to this action, filed charges against Thompson and Rick Marceau, who is also not a party to this action, on November 7, 2007.  Arnold's charged Thompson and Marceau with "intentionally conspir[ing] with other high-ranking officers to deceive the UTU Board of Directors, subordinate officers, and the membership by misrepresenting and withholding the exact terms and conditions of a proposed merger agreement between the UTU and the SMWIA."  Complaint at 50.  As a result, the charges read, "an illegal ballot was circulated to the membership under the appearance of a legitimate referendum vote."  *Id.*  Plaintiffs then cite to an email sent on the same day by Michael, lead plaintiff in the Michael case, referencing the charges brought and noting that those opposed to the merger should "move," and "take back [their] Union."  Complaint at 51.  Ultimately the charges against Thompson and Marceau were withdrawn by Arnold.  Complaint at 55.

Plaintiffs next allege that Defendant Murphy, a UTU member but not an officer, sent an email on February 27, 2007, instructing the recipients (who are not identified in the Complaint)

---

[3] References to the Complaint are to the paragraph numbers therein.

3

to download the attached charges against "each of the 7 officers" and giving them instructions regarding the filing of those charges.  Complaint at 81.  The charges referenced were allegedly those brought against Plaintiffs, and included allegations of Plaintiffs' violation of provisions in the UTU Constitution, all of which concerned Plaintiffs' participation in the Michael litigation and their advocacy of the merger.  Complaint at 82-83.

According to Plaintiffs, similar charges were filed against Futhey alleging that he had failed to act in the membership's best interests and had violated the UTU Constitution when he discontinued support of the merger agreement.  Plaintiffs assert that Defendant Executive Board has held those charges in abeyance.

Plaintiffs assert that the charges filed against them were a result of their intervention in the Michael litigation and as part of an attempt by Futhey and "his allies" to discourage and prevent further defense of the merger.  Complaint at 7-9.   Defendant UTU Executive Board originally scheduled an internal trial on these charges for April 28 and May 5, 2008, but later suspended them indefinitely.  Complaint at 93.  To this Court's knowledge, no trials have been held and no conclusion has been reached with regard to the charges against Plaintiffs.

## II.    LEGAL STANDARD

Defendants have moved to dismiss Plaintiffs' claims on the grounds that this Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), both because Plaintiffs have not suffered any injury or discipline that would give rise to a claim under the LMRDA, and because they have failed to exhaust internal union remedies.  Should this Court deny their Motion, Defendants request that the action be stayed pending Plaintiffs' exhaustion of internal union remedies.

The Sixth Circuit has recognized that there are generally two types of challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1): facial challenges and factual challenges.  *Gentek Bldg. Prods., Inc., v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).  "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence[.]" *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).  "[W]here subject matter jurisdiction is challenged under Rule 12(b)(1) . . . the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

## III.    ANALYSIS

### A.  Subject matter jurisdiction

Aside from contention about Plaintiffs' characterizations, there is little dispute between the parties about the underlying facts in this case.  The question presented to this Court is whether, based upon those facts, the Court possesses subject matter jurisdiction, which is a facial challenge.  Therefore, the Court must presume as true the facts presented by Plaintiffs, and it has not considered the numerous attachments to Defendants' Motion.

In their Complaint, Plaintiffs have asserted three claims.  First, they claim that the internal charges are an infringement of their free speech rights in violation of LMRDA § 102(a)(2), 29 U.S.C. § 412, which states as follows:

> Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate.  Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located.

5

Plaintiffs argue that the activities in which they are engaged and from which Defendants have attempted to discourage them by means of these charges are considered speech in three respects: they "concern advocacy on policy matters," they "take positions on issues of relevance to the membership," and they involve "participation in a lawsuit."  Complaint at 107.

Second, Plaintiffs claim that the charges have infringed upon and limited their right to participate in a lawsuit, which is a right secured by § 101(a)(4) of the LMRDA, 29 U.S.C. § 411. This statute provides in pertinent part as follows:

> No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding . . . *Provided,* That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof[.]

As set forth in the Court's recitation of the facts, Plaintiffs allege that the charges brought against them were an attempt by Defendants to curb or to halt Plaintiffs' efforts to defend the merger in the Michael case.

Third, they claim that they are unable to receive a fair trial within the UTU because Defendant Executive Board has prejudged their guilt in violation of § 101(a)(5)(C) of the LMRDA, 29 U.S.C. § 411, which states that "[n]o member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been . . . (C) afforded a full and fair hearing."  They support their allegations by pointing to the treatment of the charges against Futhey, which were held in abeyance indefinitely rather than being processed, and to the support

and participation of the members in "the anti-merger faction" who helped to bring charges against Plaintiffs.  Complaint at 126.

Plaintiffs cite § 102 of the LMRDA as the basis for this Court's jurisdiction.  At no time do they cite to any other section in support of this Court's jurisdiction.

Defendants challenge the jurisdiction of the Court on all three counts of the Complaint by citing to LMRDA § 609, 29 U.S.C. § 529.  This section reads as follows:

> It shall be unlawful for any labor organization, or any officer, agent, shop steward, or other representative of a labor organization, or any employee thereof to fine, suspend, expel, or otherwise discipline any of its members for exercising any right to which he is entitled under the provisions of this chapter.  The provisions of section 412 of this title shall be applicable in the enforcement of this section.

The plain language of this section requires that some manner of discipline occur in order for a claim to arise under the section.

The United States Supreme Court has noted that § 102 is limited to protecting against the infringement of rights secured by Title I of the LMRDA while § 609 applies to disciplinary action taken in retaliation for the exercise of any right under the LMRDA.  *Finnegan v. Leu*, 456 U.S. 431, 439 n.10 (1982).  The Court further explained that § 102 of the LMRDA "provides independent authority for a suit against a union," and that "it seems evident that a litigant may maintain an action under § 102 – to redress an 'infringement' of 'rights secured' under Title I – without necessarily stating a violation of § 609."  *Id.* at 439.  However, it reserved judgment on whether "the retaliatory discharge of a union member from union office – even though not 'discipline' prohibited under § 609 – might ever give rise to a cause of action under § 102" based upon the particular facts before it.  *Id.* at 440-41.

Briefly, the Petitioners in *Finnegan* were union officers who had supported one candidate for president of the union and who were removed from office when his victorious opponent

7

assumed control of the union.  *Id.* at 433-34.  Those officeholders sought relief under §§ 101(a)(1), 101(a)(2), 102 and 609 of the LMRDA, arguing that their removal from office constituted prohibited discipline under these sections.  *Id.* at 434.  The Supreme Court found it unnecessary to decide whether § 102 provided a broader prohibition against actions by the union than did § 609 because it found that an incoming union president has the right to choose a staff that is compatible with his views.  *Id.* at 440-41.

At no point has the Supreme Court stated with any more certainty whether § 102 is broader than § 609.  Clearly, its initial impression in *Finnegan*, which was based upon the plain language of the statute, was that § 102 did prohibit a wider range of union conduct, namely the "infringement" of rights secured under Title I of the LMRDA, than did § 609, which only encompassed discipline.  The Sixth Circuit has acknowledged the Supreme Court's brief discussion of this distinction.  *Harvey v. Hollenback*, 113 F.3d 639, 643 (6th Cir. 1997); *Cehaich v. International Union*, 710 F.2d 234, 238 (6th Cir. 1983) ("Although the 'relationship between §§ 102 and 609 is not entirely clear,' we acknowledge that a cause of action may be maintained under section 102 quite apart from the cause of action under section 609.").

In this case, Defendants have set forth arguments for dismissal of this action under § 609 alone, and have relied heavily upon the fact that no "discipline" has yet been imposed.  Plaintiffs, however, who bear the burden of proving jurisdiction in this matter, have brought their claims under § 102 alone, which requires only an "infringement" of members' rights under Title I, rather than discipline.  Defendants have not demonstrated that Plaintiffs' allegations fall short of establishing jurisdiction under § 102, in that they have not at all addressed that section of the LMRDA.  Therefore, the motion to dismiss Plaintiffs' claims on the basis of a lack of subject

matter jurisdiction is hereby DENIED, as is Defendants' alternative motion that the matter be stayed.

**B.  Failure to exhaust internal union remedies**

Defendants next contend that Plaintiffs' claims should be dismissed for failure to exhaust internal union remedies.  It appears from their Motion that Defendants intend to argue for dismissal on the basis of the Court's lack of subject matter jurisdiction arising from Plaintiffs' failure to exhaust.  However, Defendants have cited no case law to support any contention that a failure to exhaust results in a civil court's lack of subject matter jurisdiction, nor do they cite to any basis for dismissal other than the UTU Constitution which, for the reasons set forth below, this Court is unable to consider.

In *Chadwick v. Int'l Bhd. of Elec. Workers, Local Union No. 175*, 674 F.2d 939, 942 (D.C.Cir. 1982), the D.C. Circuit considered the language of § 411 of the LMRDA, which states that a member "*may be required* to exhausted reasonable hearing procedures" within the organization prior to resorting to the civil courts.  29 U.S.C. § 101(a)(4) (emphasis added).  The court concluded that this language is permissive rather than mandatory, and allows a court to decide whether it will exercise its jurisdiction over a plaintiff's claims when that plaintiff has not first pursued his claims within the union.  *Chadwick*, 674 F.2d at 942.  The Sixth Circuit adopted this holding in its decision in *Forte v. USW, Local 3967*, 49 Fed. Appx. 568, 570 (6th Cir. 2002) (stating that "§ 411(a)(4) does not create a jurisdictional bar to judicial review that can be invoked by defendant unions to prevent a case from being heard but, rather, preserves the discretionary exhaustion doctrine that allows courts to determine if they should stay any court proceedings while short-term internal remedies are sought.").

Having failed to demonstrate that this Court necessarily lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), Defendants have failed to establish a basis for this Court's examination of any of the exhibits attached to their Motion.  Were the Court to construe this argument as one under Fed. R. Civ. P. 12(b)(6), it would be precluded from considering matters outside the pleadings without converting the Motion to a motion for summary judgment.  Fed. R. Civ. P. 12(d).  The Court declines to consider Defendants' Motion as a motion for summary judgment, and therefore DENIES the Motion to dismiss or to stay Plaintiffs' claims on the basis of a failure to exhaust internal union remedies.[4]

## C.  Parties to action and service of process

In their final argument, Defendants contend that this action should be dismissed for Plaintiffs' failure to serve Defendants properly, and that it should be dismissed as against any of Defendants named in their individual rather than their official capacity.  Defendants contend that Plaintiffs served the Complaint only at the UTU headquarters in Cleveland, Ohio.  Defendants concede that service at the Cleveland headquarters of the UTU is sufficient for those officers named in their official capacities, but not for those named in their personal capacities.  Those officers named in their personal capacities are Defendants Futhey, Huston, Risch, Boda, Dawson and Goring.

In addition, three members of the UTU who are not international officers were named as defendants in this action.  Defendants contend that those members, Defendants Jones, Murphy and Strunk, should be dismissed entirely.  In support, they argue that the filing of internal union charges by a union member is protected activity under the LMRDA.  Further, they cite to insufficient service of process as a reason for dismissal, noting that these defendants were served

---

[4] Because the Court has rejected Defendant's argument regarding Plaintiffs' failure to exhaust, it declines to evaluate Plaintiffs' contention that exhaustion would have been futile.

by Plaintiffs by means of express mail, return receipt requested, rather than by the Clerk of Court.  Finally, they point to the fact that Defendant Jones was served at his place of work rather than at his home in violation of Fed. R. Civ. P. 4(e).

According to Defendants' Reply Memorandum (Doc. 23), Plaintiffs have remedied the problems with service upon Defendants who are named in their official capacity.  (Doc. 23 at n.3.)  Therefore, the Court DENIES Defendants' Motion insofar as it makes any claims with respect to improper service of the Complaint against Defendants named in their official capacity.

As to the issue of Plaintiffs' naming officers in their individual capacity, the Court notes that Plaintiffs have repeatedly alleged that the named officers were acting outside the scope of their authority in that they were acting in bad faith and their actions were an abuse of the system of internal union charges.  While it is true that a union officer cannot be held personally liable when he takes official action in discharging his duties, that personal immunity becomes compromised when he acts outside the scope of his duties.  *See Nix v. Fulton Lodge No. 2 of Intern. Ass'n. of Machinists and Aerospace Workers*, 262 F.Supp. 1000, 1008 (N.D.Ga.1967), *aff'd. in part*, 415 F.2d 212 (5th Cir.1969); *see also Robinson v. Dinner Bell Meats*, No. C87-571, 1988 WL 215405 at *3 (N.D.Ohio Dec. 1, 1988).

Further, those Defendants who are not officers and who are personally named in the Complaint are, according to Defendants, protected by § 101 of the LMRDA from any personal liability for their actions in filing charges against Plaintiffs.  Interestingly, Defendants and Plaintiffs cite largely from the same cases in support of their opposed positions on this issue.

Although Defendants do not so state, their motion to dismiss the individually named Defendants, both officers and non-officers, is an argument that Plaintiffs have failed to state a claim against the individually named Defendants, and is therefore based upon Fed. R. Civ. P.

12(b)(6).  The Sixth Circuit has recently reiterated the standard of review for motions to dismiss

under Fed. R. Civ. P. 12(b)(6):

> The reviewing court must construe the complaint in a light most favorable to plaintiff, accept all well-pled factual allegations as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir.2005). Yet, to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. Mezibov, 411 F.3d at 716. Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Id. See also, Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (explaining that complaint must contain something more than a statement of facts that merely creates speculation or suspicion of a legally cognizable cause of action).

*Eidson v. State of Tennessee Dept. of Children's Services*, 510 F.3d 631, 634 (6th Cir. 2007).

The Court finds that Plaintiffs have set forth facts sufficient to support their allegations

that all Defendant union officers were acting in bad faith and therefore outside the scope of their

authority.  Furthermore, Defendants' argument on this point is not sufficient to convince the

Court that, as a matter of law, these claims cannot proceed.  Therefore, all claims against

Defendant officers named in their individual capacity will proceed, and Defendants' Motion is

DENIED in that respect.

With respect to the claims brought against non-officer UTU members in their individual

capacities, Defendants' assertion that the members' actions in bringing charges is protected

under the LMRDA is unconvincing.  In support of that assertion, Defendants cite an unpublished

opinion from the District Court of Oregon which was issued after a trial had been conducted, and

which concluded that the plaintiff's conduct, namely the filing of charges, was protected under §

411 of the LMRDA.  *Ferrell v. Waitresses Union Local 305, Hotel and Restaurant Employees*,

No. 74-946, 1976 WL 1560 at *2 (D. Or., Oct. 6, 1976).  This was the court's conclusion after a

review of the facts of the case and was not stated as a matter of law.  In support of its conclusion,

the *Ferrell* court cited a case involving the resolution of claims on summary judgment.  *See Airline Maintenance Lodge 702, Intern. Ass'n of Machinists v. Lowdermilk*, 444 F.2d 719 (5th Cir. 1971).

This matter is not at the same stage as the cases set forth above.  There has been no discovery conducted, and the allegations as pled by Plaintiffs are sufficient to permit that discovery process to go forward.  Should it become evident that the claims against particular parties are impermissible or unsupported, those claims will be disposed of in due course.

Finally, any arguments that the Complaint should be dismissed for failure of service on the basis that it was improperly served at a person's place of work are hereby DENIED.  It is apparent from the Reply Memorandum that Plaintiff has attempted to remedy any problems with service.

## IV.    CONCLUSION

Plaintiffs have alleged that Defendant UTU officers, Defendant Executive Board and Defendant UTU members were working in concert to bring and process charges against Plaintiffs in order to deter Plaintiffs from pursuing the defense of the merger in the Michael litigation.  On their face, these charges are sufficient to establish causes of action against all named Defendants.  Having examined its jurisdiction and the other points at issue in Defendant's Motion, and for the reasons set forth herein, the Court DENIES Defendants' Motion in its entirety.

IT IS SO ORDERED.

Date:   August 12, 2008                          */s/ John R. Adams*
                                                 Judge John R. Adams
                                                 UNITED STATES DISTRICT COURT