UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN W. BABLER, et al. | ) CASE NO. 1:08cv0912 |
| Plaintiffs, | ) |
| | ) JUDGE JOHN R. ADAMS |
| -vs- | ) |
| MALCOM B. FUTHEY, et al., | ) MEMORANDUM OF OPINION |
| | ) AND ORDER |
| Defendants. | ) |

This matter is before the Court on Defendants' Joint Motion for Stay (Doc. 218). Defendants contend that the matter regarding the validity and enforceability of the putative merger agreement between the United Transportation Union ("UTU") and the Sheet Metal Workers International Association ("SMW") is pending in the United States District Court for the District of Columbia.  Defendants contend that the resolution of the litigation in D.C "is inextricabl[y] related to the claims in this case and will have a profound and direct impact on the ultimate resolution here."  For the reasons set forth herein, Defendants' motion is GRANTED.

**I.      History and the D.C. Litigation**

On December 11, 2007, the SMW filed suit against the UTU in D.C. seeking declaratory relief that the merger agreement between the SMW and the UTU was valid and enforceable and to compel arbitration of the dispute concerning the implementation

of the merger agreement.  See *SMWIA v. UTU*, Case No. 07-2230 ("the 2007 D.C. case"). Currently pending in the 2007 D.C. case is a motion to compel arbitration and a motion to intervene.  The motion to intervene was filed by 45 UTU members and officers seeking leave to assert claims to enforce their rights pursuant to the Labor Management Reporting and Disclosure Act, 29 U.S.C. §411(A)(1) ("LMRDA").

The instant suit was filed on April 9, 2008.  The procedural history of this case is lengthy and complicated, thus a full account will not be repeated here.  Relevant to the instant discussion, however, is that on November 18, 2009, this Court granted Plaintiff's motion for preliminary injunction and ordered the UTU to restore the status quo that existed prior to the Executive Board's decision.  The Sixth Circuit Court of Appeals affirmed this decision.

On July 15, 2010, three of the parties who sought to intervene in the 2007 D.C. case filed a separate action in D.C., again asserting that their rights pursuant to the LMRDA were violated and seeking a declaration from the Court that the merger between the UTU and the SMW is null and void.

## II.     Mediation in the Instant Case

On October 28, 2010, the Court referred this matter to mediation.  In their motion for stay, Defendants contend that mediation was not successful at this time due in part, they believe, to the pendency of the D.C. litigation.  Defendants further state that they wish to continue to pursue mediation, which they believe would ultimately be successful, after the D.C. Court resolves the issue regarding the merger of the UTU and SMW. Thus, Defendants request this Court to stay the instant matter pending the resolution of the D.C. litigation.  To this end, the mediator filed his report on March 2, 2011, stating

that although mediation was unsuccessful, he believed future mediation would assist in resolving the dispute. He specifically noted that the mediation should continue after the related D.C. cases are resolved.

### III.     Analysis

A district court has the inherent power to control its own docket, including the power to stay proceedings. *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163 (1936); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed.Cir.1983). How to best manage the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.

In the instant case, Plaintiffs allege that the UTU retaliated against them by removing them as Executive Board members because they supported the merger between the UTU and the SMW. They believe the retaliation occurred because they sought to intervene in previous litigation in this Court. *Michael v. Thompson*, 1:07cv3818. This Court granted a preliminary injunction in which the Plaintiffs were reinstated to the positions they held prior to the UTU Executive Board's decision. Although this Court granted the preliminary injunction, without the determination of the validity of the merger between the UTU and the SMW, this Court can go no further. If the D.C. Court determines that the merger was valid, the status quo of the UTU has shifted, and this Court could not reinstate Plaintiffs to positions that no longer exist. Thus, the relief available to Plaintiffs is directly impacted by the D.C. Court's resolution of the merger issue.

In their motion, Defendants contend that after the D.C. Court decides that validity of the merger, the existing entity is likely to resolve the claims. In other words, the D.C.

litigation has a direct bearing on who Plaintiffs are negotiating with; the newly merged entity, SMART, or the existing UTU. Notably, the SMW have been funding this litigation on behalf of Plaintiffs. The Court can properly infer that if the merger was deemed valid, and the SMW and the UTU are merged, that Plaintiffs' desire to proceed with their claims will be dramatically affected. Finally, as Defendants note, the Court's preliminary injunction reinstated Plaintiffs to their positions. Thus, there would be no adverse impact to their positions or salaries if this litigation was stayed pending the outcome of the D.C. litigation.

Accordingly, further proceedings in the within cause are hereby PERPETUALLY STAYED and the within case is hereby CLOSED, subject to reopening upon written motion of Plaintiff or Defendants, after the D.C. litigation is concluded.

IT IS SO ORDERED.


Dated: March 8, 2011  /s/ John R. Adams
UNITED STATES DISTRICT JUDGE